**F. A. HERNANDEZ et ux., Appellants,**

v.

**Jose DOMINGUEZ et al., Appellees.**

**No. 5757.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 26, 1966.

Rehearing Denied Feb. 23, 1966.

Joseph J. Rey, El Paso, for appellants.

Paul Andow, John C. Akard, Ben Endlich, Alex Silverman, El Paso, for appellees.

FRASER, Chief Justice.

This is an appeal from the judgment described by the parties thereto as primarily a trespass to try title suit. It appears that in the year 1950 the admitted source of title, J. J. Montes, conveyed to Hector Bejarano and Joe (or Jose) Dominguez two tracts of land in El Paso County, Texas, comprising approximately 43 acres of land. This appeal, however, deals only with two acres lying within the 43-acre tract and which are claimed by Ruperta Gonzalez, Margarita Gonzalez Marrufo and Josefina Gonzalez Sena. Ruperta Gonzalez was the widow of Reyes Gonzalez, who died intestate November 16, 1962, and Mrs. Marrufo and Mrs. Sena were his sole surviving heirs, being his children by a previous marriage. In an instrument dated November 27, 1951 Joe Dominguez entered into a contract of sale to convey to Reyes Gonzalez and wife, Ruperta Gonzalez, two acres of land out of the aforementioned tract or tracts deeded by Mr. Montes to Joe Dominguez and Hector Bejarano. The two tracts were called the "Sand hills property".

The record shows that this contract of sale entered into by Mr. and Mrs. Gonzalez with Mr. Dominguez in 1951 provided for the conveyance of the property, and the record further shows that $300.00 consideration was paid; that Mr. and Mrs. Gonzalez moved on to the property immediately and made valuable improvements. There does not appear to have been an actual deed executed after the execution of the aforesaid contract, although it is claimed that grantees made frequent demands for such. Further, it appears that although Mr.

and Mrs. Gonzalez went into possession in 1951, no objection to their possession of the premises was raised by the co-tenants until almost four years later. In October 1962 Joe Dominguez conveyed all of his interest in the Sand hills property to F. A. Hernandez and wife, Guadalupe Hernandez. Without attempting to detail all of the complicated and extended elements in the chain of title and the makeup of the lawsuit, suffice it to say that the judgment of the trial court recites that the plaintiffs F. A. Hernandez and wife, Guadalupe R. Hernandez, as successors in interest to the original plaintiffs herein, Santiago Renteria et al., appeared in person and through their attorneys. The judgment then goes on to mention a number of defendants, including a minor defendant, Louis Wayne Brown, who appeared through his guardian ad litem. Among other things, the court sustained the defense of Ruperta Gonzalez and the two married daughters of her deceased husband, Mrs. Marrufo and Mrs. Sena. The trial court also set out the interest of the minor, Louis Wayne Brown, and further ordered that a plat or description be made so as to properly define and identify the two acres in question, and also ordered the right of ingress and egress by way of easement to Ruperta Gonzalez, Mrs. Marrufo and Mrs. Sena. It is stated by the parties to this lawsuit that we are concerned here with the said two acres claimed presently by the three ladies by virtue of the 1951 contract of sale executed by Joe Dominguez to Mrs. Ruperta Gonzalez and her then living husband, heretofore referred to.

■ The appellants claim among other things, in the first point, that the trial court erred in refusing plaintiff-appellants' motion for summary judgment. This point cannot be sustained because the trial court found that substantial issues of fact existed, and properly overruled said motion. There is evidence that the motion was considered; and, although the point is not presented, under the circumstances here present, no appeal could be had from the trial court's action in refusing to grant the motion for summary judgment. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208; Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670. Finally, there appears no exception on the part of appellants from the trial court's ruling on said motion.

■ Appellants also claim that there was an alleged disclaimer made by counsel for appellee Ruperta Gonzalez, but it appears that this was an oral statement, and the court obviously gave it no legal effect. As pointed out in the appellees' brief, a disclaimer of ownership cannot be effective to divest title when such disclaimer is not of itself a conveyance. Republic National Bank of Dallas v. Stetson, Tex.Civ.App., 382 S.W.2d 775; affirmed on this point, Tex., 390 S.W.2d 257. Appellants' first point is accordingly overruled.

■ In their second point appellants claim that the judgment seeks to deprive appellants of property in violation of Articles 1288, 1289 and 1290, Vernon's Ann. Revised Civil Statutes of Texas. Although appellants have thoroughly briefed this point and cited us to a number of authorities, we feel that it must be overruled. The defendants acquired the property by means of a contract of sale; full payment of the agreed price was made; and the installation of substantial improvements is acknowledged, as is the fact that they moved on the property immediately and have been there ever since. It is our opinion that the courts have long admitted the possibility of an exception to Article 1288 et seq., and one case is cited holding that these statutes applied only to a conveyance, and not to a contract. Sorsby v. Thom, 122 S.W.2d 275 (Tex.Civ.App., wr. dism.); also, the well-known case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216. There does not seem to be any doubt but what Mr. and Mrs. Gonzalez moved on to the property immediately, paid the full price, erected improvements, and Mrs. Ruperta Gonzalez still lives there. This point or argument is accordingly overruled.

Appellants also raise the point that the grantor did not have the right to convey this property while owning it in cotenancy with others. However, it has been held that under the proper fact situation, an equitable partition is permitted, and such conveyance will be upheld in equity and the vendee's right to specific land will be sustained when circumstances render this course equitable. The necessary elements seem to us to be present in this matter. Merriweather v. Jackson, Tex.Civ.App., 38 S.W.2d 599 (n. w. h.). This case also cites the well-known Texas Supreme Court decision in Arnold v. Cauble, 49 Tex. 527. See also 15 Tex.Jur.2d 199, § 32.

Further, it must be pointed out that in the deed from Jose Dominguez to appellants it is set forth that that conveyance was made subject to the claim, right, title, estate or interest of Reyes Gonzalez and wife, Ruperta Gonzalez, and some other persons mentioned. Jose Dominguez testified that when he conveyed the property to Hernandez, he made sure that the interest of Reyes Gonzalez and Ruperta Gonzalez (to the two acres) was protected in such conveyance. Also Joseph Rey, attorney for appellants, testified that his client bought the property with the knowledge that the Gonzalezes had some interest in it, and that Hernandez, through him (Mr. Rey), agreed to take care of whatever rights Mr. and Mrs. Gonzalez had. Appellee Ruperta Gonzalez, in her brief, also calls our attention to a case entitled National Bank of Commerce of Houston v. Dunn, Tex.Civ.App., 381 S.W.2d 654. It is her contention that this case upholds her argument that when a person takes a conveyance of land by virtue of a deed or, as in this case, a contract of sale, wherein it is recited that there exists other interest or contract, the acceptance by the vendee of said deed or contract is an admission of the validity of the mentioned or described interests or contracts relating to other parties, and for this reason the buyer cannot attack the validity of the other interests because he has acknowledged their valid existence when he accepted and paid the consideration for the deed. It is also argued that vendee is estopped by virtue of his acceptance of the instrument.

■ Appellants further complain that the judgment is inadequate because of insufficient description of the property, but we do not find any merit in this point. The record indicates that the property was used and occupied, and the parties concerned seemed to know the extent and location of the property. It is argued that even had there not been a written contract under which Mr. and Mrs. Gonzalez went into possession, their payment of the consideration, possession, and improvement of the property of itself was adequate to justify and legalize the transaction. We find no error in the court's requirement that the two acres herein involved be platted after an adequate survey, and appellees granted an easement. We do not think it necessary to discuss the matter of easement, other than to mention that an easement, by necessity, has always been recognized and enforced by the courts. With regard to the requirement of a survey and platting, the court here was merely doing the sensible and proper thing in establishing a better and more adequate written description of the two-acre tract for future use and benefit.

■ In summation, we find that Mr. and Mrs. Gonzalez entered into a contract of sale with Mr. Dominguez in 1951; paid the entire price agreed upon, and went into immediate possession; and, since that time, valuable improvements have been made on the premises by them. We believe that as a result, an equitable partition was caused and created by this contract of conveyance between Joe Dominguez and Mr. and Mrs. Gonzalez, and that such has attained the status of legality. We further hold that the trial court acted correctly and wisely in ordering a survey and plat, as well as an easement for the benefit of appellees.

We further find that the judgment in so far as it applies to Louis Wayne Brown, a minor, is correct and should be affirmed.

The attorney for the minor makes some mention in his brief that the minor should have a greater interest, but we do not find pleadings or proof adequate to meet this request.

Appellants' points are all accordingly overruled, and the decision of the trial court is affirmed.