F. A. HERNANDEZ et ux., Petitioners,

v.

Jose DOMINGUEZ et al., Respondents.

No. A–11382.

Supreme Court of Texas.

June 29, 1966.

**58**

Rey & Rey, El Paso, for petitioners.

Paul Andow, Gloria Senftner, Alex Silverman, John C. Akard, El Paso, for respondents.

PER CURIAM.

The petitioners, F. A. Hernandez and wife, Guadalupe R. Hernandez, filed this suit alleging that they were the owners in fee simple of Tracts 25 and 26, in Block 54 of the Ysleta Grant, according to the resurvey thereof in El Paso County, Texas. It was alleged that the two tracts consisted of approximately 43 acres.

In the alternative, the plaintiffs alleged that the two tracts of land were owned by the plaintiffs, Jose Dominguez and Louis Wayne Brown and prayed for an equitable partition of the land.

The trial court found that the defendants, Ruperta Gonzales, Margarita Gonzalez Marrufo and Josefina Gonzalez Sena, had acquired title from Jose Dominguez and were the owners of two acres of said land. The Court ordered a survey of the two-acre tract. Ownership of the two-acre tract was found by the trial court to be as follows: An undivided one-half interest was awarded to Ruperta Gonzalez, and the remaining one-half interest was awarded equally to Margarita Gonzalez Marrufo and Josefina Gonzalez Sena. The Court found that the entire two acres was subject to a "homestead right in full amount thereof in favor of Ruperta Gonzalez, as the surviving spouse of Reyes Gonzalez, deceased." The Court further found that although there were no field notes, the evidence established that the two-acre tract had been identified sufficiently so that a plat and field notes could be accurately prepared by a survey.

The Court's judgment provided that:

"Said two acres, together with reasonable access thereto shall be platted and the plat agreed upon and filed by all the parties hereto and filed of record in the Deed Records of El Paso County, Texas, within six months from the date this judgment becomes final. If such plat is not prepared and filed, then upon the application of any interested party the Court will appoint a surveyor to prepare such a plat to be approved by the Court and filed in the Deed Records of El Paso County, Texas. The costs of such survey and other expenses in connection therewith shall be assessed by the Court at the time of the approval of the survey."

The Court of Civil Appeals has affirmed the judgment of the trial court. 399 S.W.2d 385.

We find no erorr in the judgment of the trial court or the judgment of the Court of Civil Appeals. However, in view of the pleadings in the trial court and the recitations contained in the judgment of the trial court, as above indicated, we have concluded that the suit is an action to partition the two tracts consisting of approximately 43 acres so as to segregate the two (2) acre tract from the remainder of said lands. We are of the opinion that the judgment of the trial court entered on the 24th day of November, 1964, is a decree of partition and should be made final by the entry of a judgment incorporating an approved plat and field notes describing the two acres of land, all in accordance with the trial court's original judgment. See Rules 760 and 761, Texas Rules of Civil Procedure.

The application for writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.