Dorothea Sims Torbett CLEGG, Appellant,

v.

John M. CLARK et ux., Appellees.

No. 4521.

Court of Civil Appeals of Texas.

Waco.

Aug. 4, 1966.

Rehearing Denied Aug. 25, 1966.

Robert G. Carter, Marlin, for appellant.

Richard Owens, Walter S. Fortney, Fort Worth, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Clegg from a take-nothing judgment in a partition suit.

Plaintiff Clegg sued defendants Clark, alleging plaintiff and defendants were joint owners of a house and lot in Marlin, Texas; and prayed for partition and such other relief to which plaintiff may be entitled. Trial was before the court without a jury. The trial court found that plaintiff owned no interest in the property and entered judgment that plaintiff take nothing against defendants.

Plaintiff appeals, contending:

1) The trial court erred in overruling plaintiff's motion for arrest of judgment; and

2) When the trial court found that owners of interests in the property sought to be partitioned were not parties to the suit he should have arrested the proceedings until all owners had been joined, because he could not make a binding decree without having all of the joint owners before the court.

The property sought to be partitioned was the homestead of Dr. and Mrs. J. W. Torbett. Plaintiff was the widow of Dr. and Mrs. Torbett's deceased son, and filed the instant case believing she had inherited an interest in the house from her husband. The trial court found (and such finding is not challenged) that the property passed under the provisions of Dr. and Mrs. Torbett's will and became the property of John W. Torbett III and Karen Lynn Torbett (grandchildren of Dr. and Mrs. Torbett). When the trial court determined the two grandchildren, who were not parties to the suit, owned interests in the property, and that plaintiff owned no interest he announced that judgment would be entered that plaintiff take nothing. Plaintiff then filed motion in arrest of judgment, praying that the proceedings be arrested until John W. Torbett III and Karen Lynn Torbett be made parties. The trial court overruled such motion and entered judgment that plaintiff take nothing against defendants.

It is true that when in course of a partition suit it is disclosed that all who have an interest in the property to be divided are not parties, it is the duty of the court to arrest the proceedings until they are made parties, and unless this is done no binding decree of partition can be entered. Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641; 44 Tex.Jur.2d 288.

But here the trial court has not entered a judgment of partition. The trial court simply entered a take-nothing judgment against plaintiff, whom the trial court found had *no interest in the property.*

Plaintiff's points are overruled.

Affirmed.