**Marcia Lee CARPER et vir**

v.

**Jimmie H. HALAMICEK, Independent Executrix of the Estate of E. J. Halamicek, Deceased et al.**

**No. 1413.**

Court of Civil Appeals of Texas, Tyler.

Dec. 30, 1980.

Rehearing Denied Jan. 29, 1981.

John D. Logan, Logan, Lewis & Symes, San Angelo, for appellants.

George Finley, Smith, Davis, Rose, Finley & Hofmann, Pat Hall, Marschall, Hall, McLaughlin & Lane, San Angelo, for appellees.

McKAY, Justice.

This is an appeal from the judgment of the district court of Coke County, Texas, partitioning certain farm and ranch land located in that county. The court found that the land, or any part thereof, was incapable of partition in kind and ordered the land sold through a receiver and the proceeds distributed among the owners.

The original petition in the action was filed by Dorine Halamicek Droll against Jimmie H. Halamicek, Individually and as Executrix of the Estate of E. J. Halamicek, Deceased, Pauline Halamicek Anderson, Jerry Dee Anderson, J. Tom Anderson, Wandine Halamicek Teague, Michael Teague, Jala Teague, Patsy Teague Vineyard, Maxine Halamicek Aldred, W. A. Halamicek, Jr., Marcia Lee Carper and William Arthur Carper. An answer and cross-action were filed by the Carpers asking for partition in kind. The cross-action was against Dorine Halamicek Droll and all the other defendants named in the original petition. Only Ms. Droll filed an answer to this cross-action. A nonsuit was taken in the original action, and the cause proceeded to judgment on the Carpers' cross-action for partition in kind.

In their first point of error appellants Marcia Lee Carper and William Carper complain that the trial court should not have proceeded to trial until all persons owning an interest in the land were made parties to the suit. In its findings of fact and conclusions of law the court found that Jerry Dee Anderson and J. Tom Anderson (Anderson children) and Michael Teague, Jala Teague and Patsy Teague Vineyard (Teague children) each owned an interest in the land partitioned. Furthermore, the finding was that these parties were before the court, having made an appearance through their attorney George Finley. On appeal the appellants contend that these findings are unsupported by the record; they argue that the transcript and statement of facts fail to reflect that the Teague and Anderson children were served or waived process, or that they appeared in person or by counsel. The record does show that the childrens' parents were represented in the lawsuit.

Texas courts have continued to hold that all owners of property *must* be joined in a partition suit. *Ward v. Hinkle*, 8 S.W.2d 641, 645 (Tex.1928); *Clegg v. Clark*, 405 S.W.2d 697, 698 (Tex.Civ.App.—Waco 1966, writ ref'd); *Maxwell's Unknown Heirs v. Bolding*, 11 S.W.2d 814, 815 (Tex.Civ.App.—Waco 1928, no writ). Additionally, Tex.R. Civ.P. 757 states that "(u)pon the filing of a petition for partition, the clerk *shall* issue citations for *each* of the joint owners . . . and such citations shall be served in the manner and for the time provided for the service of citations in other cases." (Emphasis added).

■ This rule and past cases indicate that the joinder of all owners is mandatory and that no valid, binding decree of partition can be made in their absence. *Ward v. Hinkel, supra; Clegg v. Clark, supra.*

Many of the cases that deal with the necessity of joining all owners in a partition speak of such owners as being "necessary" and "indispensable" parties. Such terminology has begun to be discarded by Texas courts since the amendment of Rule 39 concerning "joinder of parties needed for just adjudication." Proceeding without an "indispensable" party was previously regarded as fundamental error and stripped the court of jurisdiction to decide a case. *Petroleum Anchor Equipment v. Tyra*, 406 S.W.2d 891, 892 (Tex.1966).

In *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.1974), the Su-

preme Court ruled that Rule 39 was not so concerned with jurisdiction as with whether the court ought to proceed with those parties present before it. However, the court in *Cooper* did not rule out the possibility, though "rare indeed," of a party being so indispensable that their absence would deprive the court of jurisdiction to adjudicate as to the parties before it. *Cooper, supra; In Re Estate of O'Hara*, 549 S.W.2d 233, 235 (Tex.Civ.App.—Dallas 1977, no writ). Due to the nature of partition actions, and in light of rule 757, it is our view that it is absolutely necessary to have all owners of real property before the court when the property is partitioned. As observed by the court in *Maxwell, supra* at 815, "(j)oint owners ... *must* be made parties ... in order that the court ordering partition may determine the interest each party has therein and make a proper distribution of the property."

Appellees argue that the Teague and Anderson children did in fact make an appearance in this suit, and the court so found in its findings of fact and conclusions of law. We find nothing in the record to support such a finding, however. Tex.R.Civ.P. 124 states that

"(i)n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an apprearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."

It is undisputed that the parties in question were never actually served, and there is no evidence in the record that process was waived. Affidavits entitled "Waiver of Citation" and signed by each of the Teague and Anderson children were directly presented to this court. The affiants swear that they (1) were a party to this suit and aware of all pleadings filed; (2) had entered an appearance in this cause and had waived the issuance and service of process;

(3) appeared through their attorney of record at the trial for all purposes; and (4) acquiesce and ratify any judgment which the court of civil appeals might render in this cause. There is no filemark on these affidavits to indicate they were ever filed in this appeal. Furthermore, these affidavits do not appear in the record from the trial court, and we therefore have no proof they were ever filed in the court below. "Affidavits outside the record cannot be considered by the court of civil appeals for any purpose other than determining its own jurisdiction." Tex.Rev.Civ.Stat.Ann. Art. 1822 (Vernon 1964); *Sabine Offshore Service, Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex.1979).

Mr. Finley, attorney for a number of the appellees, claims that he did represent the children of Wandine Teague and Pauline Anderson at the trial. Unfortunately, his contention has no basis in the record, and at least three of Mr. Finley's own statements during the trial would lead us to believe that he represented only those parties actually mentioned.[1] In his brief Mr. Finley defends his failure to name the children by arguing that the children of the persons he did claim to represent "had an identity of interest with their parents and that at all times the parties considered the families as a unit." He seems to be arguing that some form of virtual representation exists between parents and their offspring whereby the joinder of a parent in a suit automatically protects a separately owned interest belonging to the child. We know of no authority for this proposition.

■ It is entirely possible that the children of the ostensible defendants in this suit do concur with their parents in approving of the decision reached by the trial court; however, we must make our decision based on the record before us, and nowhere is it apparent that the parties in question made an appearance themselves or through

---

1. "Mr. Finley: I represent Jimmie H. Halamicek ... Pauline Halamicek Anderson, Wandine Halamicek Teague, W. A. Halamicek, Junior.
   "Mr. Finley: We appear and answer on behalf of Jimmie Halamicek ... Pauline Halam-

icek Anderson and Wandine Halamicek Teague and W. A. Halamicek, Junior.
   "Mr. Finley: The four people I represent ..."

counsel. It is extremely unfortunate that a careless disregard of the state of the record makes it impossible for us to determine with certainty that all owners of the property were actually before the trial court. The record seems to yield sufficient evidence to support the trial court's partition of property incapable of division in kind, but we cannot affirm its judgment in the apparent absence of some of the owners in the trial court.

Appellees cite *Talbert v. Herrera*, 353 S.W.2d 948 (Tex.Civ.App.—San Antonio 1962, no writ) in which the court held that an unnamed owner of property in a partition suit estopped himself from complaining of his nonjoinder by filing an answer in the suit and by accepting and retaining his share of the proceeds from the sheriff's sale. The parties not making an appearance here did not file an answer and have not yet accepted any proceeds of the sale. Even though the rights of these parties were adjudicated in their apparent absence, we do not believe they or appellants would be estopped from complaining of their exclusion from the partition suit.

Accordingly, we reverse and remand this case to the trial court.