BOARD OF TRUSTEES OF the CITY OF EAGLE PASS WATER WORKS SYSTEM, et al., Appellants,

v.

DEER RUN PROPERTIES, INC., et al., Appellees.

No. 16816.

Court of Civil Appeals of Texas, San Antonio.

July 31, 1981.

**610**

Harvey L. Hardy, San Antonio, John W. Claybrook, Eagle Pass, for appellants.

E. S. Prashner, John W. Davidson, Sawtelle, Goode, Davidson & Troilo, San Antonio, for appellees.

OPINION

ESQUIVEL, Justice.

This is a suit for declaratory judgment, ancillary injunctive relief and writ of mandamus.

Frontier Implement Company, Inc., hereafter referred to as Frontier, applied for water service within the limits of the City of Eagle Pass, and appellant, Board of Trustees of the City of Eagle Pass Water Works System, hereafter referred to as appellant Board, refused to provide said requested water services basing its refusal on the provisions of a moratorium resolution previously adopted by appellant Board and on the provisions of municipal ordinance 80–11 previously passed by appellee City of Eagle Pass, hereafter referred to as appellee City.[1] Frontier filed suit against appellee City and Appellant Board for (1) a declaratory judgment for construction of municipal ordinance 80–11, (2) ancillary injunctive relief to restrain appellee City from enforcing the terms of municipal ordinance 80–11, and (3) a writ of mandamus to order appellant Board to provide Frontier with water service. Appellee City in its original answer to Frontier's petition filed a cross-action and writ of mandamus to order appellant Board to furnish water services impartially. Appellee Deer Run Properties, Inc., hereafter referred to as appellee Deer Run, filed a petition in intervention for a mandatory injunction to order appellant Board to provide appellee Deer Run with water service outside the limits of the City of Eagle Pass in accordance with the provisions of municipal ordinance 80–11, alleging therein an interest in the cause of action filed by appellee City against appellant Board, and adopting therein the major portion of appellee City's petition for a cross-action and mandatory injunction against

1. On January 17, 1978, appellant Board passed a motion "to temporarily cease supplying water to new subdivisions outside the city limits after January 17, 1978, but to authorize the furnishing of water to these subdivisions which as of January 17, 1978, have made official solicitation through proper channels for the approval

of their subdivision to be serviced with water. . . ." On June 27, 1980, the City Council of Eagle Pass enacted ordinance 80–11 providing for a system for furnishing water to subdivisions within the limits of the City of Eagle Pass and the extraterritorial jurisdiction thereof.

appellant Board. In its original answer to Frontier's petition and in its original answer to appellee City's cross-action, appellant Board filed a petition for declaratory judgment to determine the rights of all parties under the city charter, the indenture and the applicable statutes, and for construction of municipal ordinance 80–11. In its answer to appellee Deer Run's petition in intervention, appellee Board adopted therein all special exceptions and all paragraphs pertaining to a declaratory judgment that it had previously alleged in its answer to appellee City's cross-action. Present Customers of The System, hereafter referred to as Customers, filed a petition in intervention for declaratory judgment for construction of municipal ordinance 80–11 and municipal ordinance 81–07.[2] Appellee Deer Run and appellee City each filed a motion to strike Customer's petition in intervention. Frontier filed a motion for non-suit alleging that it had received its requested water service since the enactment of municipal ordinance 81–07. Appellant Board filed its second amended original answer and cross-action against appellant Board for a mandatory injunction to order appellant Board to extend and furnish water services in accordance with the provisions of municipal ordinance 81–07. Appellee Deer Run filed its third amended petition in intervention for a mandatory injunction to order appellant Board to provide water services to appellee

Deer Run in accordance with the provisions of municipal ordinance 81–07, adopting therein "the allegations contained in the cross-action contained in the third amended original answer of defendant, the City of Eagle Pass."

The case was tried to the Court without a jury.[3] The trial court in its judgment granted Frontier's motion for non-suit; granted intervenor Luis Santiago Valdez Minton's motion for non-suit; granted the motions of appellee City and appellee Deer Run to strike Customers' petition in intervention; sustained appellee City's oral plea in abatement as to all causes of action asserted by appellant Board and dismissed appellant Board from the lawsuit with prejudice; realigned the remaining parties designating appellee Deer Run as plaintiff and appellee City as defendant; accepted a confession of judgment by appellee City and granted judgment in favor of appellee Deer Run for a mandatory injunction enjoining appellee City, its agents, servants and employees, from refusing to provide water service to appellee Deer Run, and ordering appellee City, its agents, servants and employees, to provide water service as applied for by appellee Deer Run. Appellant Board is the only party in the trial court that has appealed the trial court's judgment.[4]

Appellant Board urges four points of error.[5] These points of error raise the conten-

2. On February 13, 1981, the City Council of Eagle Pass enacted ordinance 81–07, repealing ordinance 80–11, repudiating appellant Board's moratorium resolution of January 17, 1978, establishing water extension policy for applicants for city water service both within and without the city, establishing order of water service to subdivisions and providing a penalty for violation of its provisions.

3. Before any evidence was presented to the trial court, the court made the following comment: "... I think the Water Board is an improper party to this lawsuit, and the court ought to dismiss all actions by the Water Board, cross-actions and everything else...."
"Therefore, I think the Water Board ought to be dismissed. And if some lawyer will give me a Plea of Abatement I'll consider it."
After much discussion, an oral motion was made by the attorney for appellee City to "dismiss the Board of Trustees ... in that they are

not *sui juris* or a legal entity, one or the other. And, the suit against the trustees in that they are merely employees of the city of Eagle Pass ...."

4. Notice of Appeal on behalf of the City of Eagle Pass was given by six individuals as residents and inhabitants of the city but this Court dismissed said appeal after notice and hearing of a motion to show authority filed by appellee City.

5. *Points of Error.*
*Point One.* The trial court erred in dismissing Water Board as a party because it was a proper party and only party representing the public interest.
*Point Two.* The trial court erred in granting the 'Plea in Abatement' moved by City at its discretion in violation of the Rules of Civil Procedure.

tion (1) that appellant Board was wrongfully dismissed as a party, and (2) that as a result of this dismissal the judgment of the trial court was improper.

The issue before us is whether appellant Board could bring this suit for declaratory judgment and, if so, did the trial court err in proceeding to judgment in its absence. We hold that appellant Board could bring this suit for declaratory judgment and that the trial court erred in proceeding to judgment in appellant Board's absence.

Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.1974). In a discussion of *Cooper, supra*, the court in *Carpier v. Hamicek*, 610 S.W.2d 556 (Tex.Civ.App.-Tyler 1980, writ ref'd n. r. e.), states the following: "... the Supreme Court ruled that Rule 39 was not so concerned with jurisdiction as with whether the court ought to proceed with those parties before it. However, the court in *Cooper* did not rule out the possibility, though 'rare indeed,' of a party being so indispensable that their absence would deprive the court of jurisdiction to adjudicate, as to the parties before it." 610 S.W.2d at 558. We must therefore briefly refer to the facts as we interpret them from the pleadings filed in the court below to determine whether appellant Board is a proper party and so indispensable that appellant's absence deprived the court of jurisdiction to enter the judgment between appellee Deer Run and appellee City.

Appellee City, a home rule city, purchased its own water works system in 1948. Appellant Board was created by ordinance on March 28, 1962, which ordinance provided for the issuance of revenue bonds. The day-to-day management of the water works system was placed in the hands of appellant Board. On January 17, 1978, appellant Board passed a resolution which imposed a moratorium on new water connections and extensions to subdivisions and lots outside the limits of the City of Eagle Pass. Appellee City considered this an inequitable policy of appellant Board and responded by enacting ordinance 80–11, which ordinance was later repealed and superseded by ordinance 81–07 passed February 13, 1981. After the enactment or ordinance 80–11, appellant Board still refused service to subdivisions and lots outside the limits of the City of Eagle Pass and also refused service to potential customers inside the limits of the City of Eagle Pass. Appellant Board's refusal was predicated upon its belief that the right granted to it by the City Charter, the indenture and the applicable Statutes to manage and control the water works system carried with it the exclusive power to establish and control water extension policy of the water works system. The appellant Board's refusal to provide water caused the flurry of activity in the court below. After the initial suits were filed appellee City enacted ordinance 81–07 establishing the water extension policy for the water works system to be followed by appellant Board. In response, appellant Board passed a resolution denouncing ordinance 81–07 and reaffirming its moratorium policy of January 17, 1978.

In our view, the pleadings filed in this case by appellant Board and appellee City establish that one party's attempt to set water extension policy for the water works system is an invasion and infringement upon the other on its right, power, obligation and duty to govern, manage and control the water works system given to it by the City Charter, the indenture and the applicable Statutes. A declaration as to the construction of the City Charter, the indenture and the applicable Statutes will definitely settle who has the right to set the

*Point Three.* The trial court erred in entering final judgment in favor of Deer Run against City because there is no pleading to support the complete foreclosure of Water Board's causes of action which result therefrom.

*Point Four.* The trial court erred in denying Water Board due process of law by dismissing it as a party without prior notice or an opportunity to be heard.

water extension policy of the water works system.

Section 2, Article 2524–1, Uniform Declaratory Judgment Act, Vernon's Annotated Texas Civil Statutes, reads as follows:

Section 2. *Any person* interested under a deed, will, written contract, or other writings constituting a contract, or *whose rights, status or other legal relations are affected by a Statute, municipal ordinance, contract* or franchise, *may have determined any question of construction or validity arising under* the instrument, Statute, ordinance, contract, or franchise *and obtain a declaration of rights, status or other legal relations thereunder.*" [emphasis ours]

Due to the nature of this action for declaratory judgment and under the liberal interpretation that the Uniform Declaratory Judgment Act must be given as set out by Section 12 of said Act, it is our view that appellant Board is a proper party and it is absolutely necessary to have appellant Board before the court when the court proceeds to a declaration as to the construction of the City Charter, the indenture and the applicable Statutes.

The judgment of the trial court is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

CADENA, C. J., concurs in result.