C.H. PARTIN, et ux., Appellants,

v.

Zula HOLDEN, et al., Appellees.

No. 13811.

Court of Appeals of Texas, Austin.

Dec. 21, 1983.

Gerald L. Johnson, Abilene, for appellants.

Everett J. Grindstaff, Grindstaff, Grindstaff & Slimp, Ballinger, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

POWERS, Justice.

Eighteen plaintiffs sued in trespass to try title to establish their undivided fractional interests in 520 acres of land in McCulloch County, Texas.[1] Tex.R.Civ.P.Ann. 783–809 (Supp.1983). They sued as well for partition of the land, if it be found susceptible of an equitable partition, or for a judgment ordering sale of the land, and distribution of the proceeds in accordance with all the owners' undivided interests in the land, if it be found not susceptible of an equitable partition. Tex.R.Civ.P.Ann. 756–771 (1967). The defendants named in the cause were 24 individuals and "all persons, firms and corporations claiming any interest in" one tract of 320 acres included in the 520 acres.[2]

1. Trial on motion for summary judgment was had in reference to the "Plaintiff's [sic] Second Amended Original Petition," which named as plaintiffs the following individuals whose fractional ownership interest was alleged to be as indicated:

| | |
|---|---|
| Zula Holden | ($1/16$th) |
| Harvey L. Kemp | ($1/16$th) |
| Charles E. Kirby | ($1/16$th) |
| Lorene Teague | ($1/16$th) |
| Chester Shuffield | ($1/280$th) |
| Gene Shuffield | ($1/280$th) |
| Bobby Shuffield | ($1/280$th) |
| Clayton Shuffield | ($1/56$th) |
| D. L. Shuffield | ($1/280$th) |
| Opal Lee Moore | ($1/1120$th) |
| Kathy Jean Briscoe | ($1/1120$th) |
| Donna Gail Powell | ($1/1120$th) |
| Sandra Kay Shuffield | ($1/1120$th) |
| Margaret Shuffield | ($1/224$th) |
| Donald Ray Shuffield | ($1/224$th) |
| Laverne Gamel | ($1/224$th) |
| Linda Lou Shuffield | ($1/224$th) |
| Ethel Halford | ($1/56$th) |

The petition requested, in addition to the establishment of the plaintiffs' title and the alternatives of partition or sale, that C.H. Partin, who was in possession of the property, be ordered to account for all transactions "as to said real estate and as to other cash, notes and earthly holdings of Tom Partin," the parties' common source of title. The record reflects no adjudication of this claim.

2. The plaintiff's Second Amended Original Petition named four categories of defendants, as follows:

*Category I:* C.H. Partin, "individually and as Independent Executor of the Will of Maggie A. Partin," Oletha Partin, Jimmie Lou Shuffield, L.V. Shuffield, and Lennie Sparks.

*Category II:* Sally Partin, Hattie Bee Elkins, J.C. Partin, Clyde Stonhke, Tommy Partin, Cecil Partin, Bernice Raines, Dane Partin, Robert Stonhke, Jimmie Partin, Dovie Wren, Willard Partin, Lotty Partin, Shirely Stonhke, and Jessie Partin. In reference to this category of defendants, the plaintiffs alleged that their addresses were unknown and that if any of them were dead, their "heirs, executors, administrators and legal representatives" were unknown as well.

*Category III:* Charlie Partin, Floyd Partin, Lee Stonhke, and Billy Partin. The plaintiffs alleged in their petition that these individuals were dead. They were, in consequence, not sui juris and no suit could be maintained against them. The petition averred that their "heirs, executors, administrators and legal representatives" were unknown.

*Category IV:* This category of defendants was described as follows:

[A]ll persons, firms and corporations claiming any interest in 320 acres of land in the County of McCulloch, State of Texas, the $W^{1/2}$ of H & TC RR Co. Sur. No. 115, Abstract No. 661, cert No. 33/3256, Patent No. 169,

On the plaintiffs' motion therefor, the trial court entered summary judgment establishing the respective undivided ownership interests, in fractional shares, of all plaintiffs and certain of the defendants, as well as one apparent stranger to the proceedings. The trial court found that the plaintiffs owned fractional shares of the land somewhat different than the shares alleged by them. Thereafter, the trial court heard evidence as to whether the 520 acres were susceptible of an equitable partition. Finding the land to be so, the trial court ordered partition of the land and appointed Commissioners for the purpose. The land was divided by the Commissioners into two tracts, one being awarded to the plaintiffs and the other to two of the defendants, without further partition of the numerous undivided interests. The trial court approved the report of the commissioners as to their proceedings and this appeal ensued. We will reverse the judgment below, that is, the summary judgment and the order approving the report of the Commissioners, and remand the cause, because it appears from the record that all owners of the land were not parties to the suit.

■ It is well settled that all the owners of undivided ownership interests in land should be made .parties to a suit for its partition, either as plaintiffs or defendants, for unless all are joined in the suit, a decree of partition is not sustainable even as to those who are parties. *Buffalo Bayou Ship Channel Co. v. Bruly,* 45 Tex. 6, 7–8 (1876); *Arnold v. Cauble,* 49 Tex. 527, 531 (1878); *Smith v. Brown,* 66 Tex. 543, 1 S.W. 573, 575 (1886); *Ward v. Hinkle,* 117 Tex. 566, 8 S.W.2d 641, 645–46 (1928). Where a suit to establish title includes a claim for partition, it is a suit for partition. *Montgomery v. Huff,* 11 S.W.2d 237, 240 (Tex.Civ.App.1928, writ ref'd); *Hernandez v. Dominguez,* 405 S.W.2d 57, 58 (Tex.1966). If it be disclosed

in the trial of the suit that all owners of the land have not been made parties, the court should proceed no further in their absence. *Ward v. Hinkle, supra.* Where it appears on appeal that not all owners were before the trial court, the judgment of partition will be reversed although no objection was made below in that regard, for it is impossible to make a binding decree of partition in the absence of one or more owners of undivided interests. *Holloway v. McIlhenny Co.,* 77 Tex. 657, 14 S.W. 240, 240–41 (1890); *Bowlin v. Freeland,* 289 S.W. 721, 722–23 (Tex.Civ.App.1926, no writ). This rule has survived the recent changes in the rules of procedure which govern joinder of parties; and the matter of absent parties is jurisdictional, owing to the special nature of suits to partition land and to the express requirements of Tex.R.Civ.P.Ann. 757 (1967):

> Upon the filing of a petition for partition, the clerk shall issue citation for *each of the joint owners, or joint claimants, named therein,* as in other cases, and such citations shall be served in the manner and for the time provided for the service of citation in other cases.

(emphasis added); *Carper v. Halamicek,* 610 S.W.2d 556, 558 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ Of the 24 defendants specifically named in the plaintiffs' petition, six appeared in the suit by filing answers therein: C.H. Partin, "individually and as Independent Executor of the Will of Maggie A. Partin, and Oletha Partin, their attorney of record being Gerald L. Johnson who filed their answer; Jimmy Lou Shuffield, L.V. Shuffield, and Lennie Stark, their attorney of record being William W. Bell who filed their answer, and Dovie Wren, her attorney of record being Robert F. Salter who filed her answer and who was subsequently permitted by the trial court to withdraw as her

Vol. 44 and being the same land conveyed by G.W. Brazelton, et al to G.W. Gartman by deed dated June 29, 1909 recorded in Vol. 14, page 285, Deed Records of McCulloch County, Texas and the same land as conveyed by Mrs. Susan F. Gartman, a widow, to T.M. Partin and Mrs. M.E. Partin, a widow, by

deed dated July 29, 1916, recorded in Vol. 29, Page 622 of the Deed Records of McCulloch County, Texas hereinafter called Defendants. The 320 acres so described are shown by the record to be one of two tracts comprising the 520 acres placed in controversy by the plaintiffs.

attorney of record. The record on appeal does not reflect the issuance of citation, or its service, as to any other defendant in the cause; in fact, it reflects that citation was issued only to Jimmy Shuffield and one unidentified defendant.[3]

The appellate transcript does, however, contain a copy of the bill of costs showing the expenditure of $165.00 for "Citation by Publication" but nothing in the record of the present case shows the persons to whom such substitute service was directed nor does the record show the nature or contents of the published notice, if such notice was published, nor the manner of its execution. Tex.R.Civ.P.Ann. 114–116 (1979); 757–758 (1967). There is in the record nothing which shows that the trial court appointed an attorney to defend the interests of any absent owners served by publication, as required by Tex.R.Civ.P.Ann. 759, although the decree of partition is written so as to bind all the defendants named in the plaintiffs' petition, only six of whom appeared by their answers in the suit, and all owners of the land.

There does appear in the appellate transcript an affidavit by two of the eighteen plaintiffs, Zula Holden and Lorene Teague, setting forth the following:

1. The affiants do not know the addresses of the individuals listed in the second category of defendants named in footnote two; and, if any of those individuals were dead, the affiants do not know their heirs, executors, administrators, or legal representatives.

2. Charlie Partin, Floyd Partin, Lee Stonhke, and Billy Partin named as defendants in the plaintiffs' petition, *were* dead but the affiants do not know the heirs, executors, administrators, or legal representatives of such dead persons.

3. "The names of the husbands, if any, of each female defendant, and the place of residence of any of such husbands is unknown to affiants, if not personally served in this suit."

4. The nature of the plaintiffs' suit is substantially "to establish ownership" of the property and "to remove cloud cast upon the title" to the property. The affidavit concludes by requesting "that citation by service of publication be issued herein." We may not presume from this affidavit alone that compliance was had with the requirements of service of citation by publication, as those are set out in Tex.R.Civ.P. Ann. 114–116 (1979); 757–758 (1967).

Nor is personal jurisdiction of all the alleged owners of the property to be presumed from a recitation in the trial court's "Order Appointing Commissioners," which states in part that "Defendants C.H. Partin, et al., [appeared] in person by their attorney Gerald L. Johnson." This recitation literally applies only to the two defendants for whom Gerald L. Johnson was attorney of record and may not be expanded in its scope to include all defendants named in the plaintiffs' petition. *See Fort Worth Lloyds v. Johnson,* 129 S.W.2d 1157, 1158 (Tex.Civ.App.1939, no writ) (under statute requiring citation to state names of all parties, citation designating certain company "et al." as defendants, without naming other defendant, was insufficient to sustain default judgment against the other defendant); *Carroll v. Sartain,* 164 S.W.2d 52, 54 (Tex.Civ.App.1942, writ ref'd w.o.m.) (motion for rehearing filed in appellate court in name of one movant, accompanied by term "et al." after his name, inures to the benefit only of the named movant.) No similar reference is contained in the trial court's "Order Granting Partial Summary Judg-

---

**3.** The appellate record reflects further that the case was partly adjudicated on the plaintiffs' motion for summary judgment, and their "Supplemental Motion for Summary Judgment." The latter instrument avers as follows:

> Two errors were made ... as to the Plaintiffs involved in this suit as the name of Gene Shuffield ... should be substituted for the name Opal Lee Moore, and the name Bobby

Lee Shuffield should be substituted for the name Kathy Jean Brisco.

The trial court's "Order Granting Partial Summary Judgment" nevertheless awards an interest in the land to Opal Lee Moore and Kathy Jean Briscoe—specifically, it awards "Kathy Jean Briscoe [sic]" an undivided 1/840th ownership interest "subject to" a "one-third" [sic] life estate of Opal Lee Moore.

ment." Neither that order nor the "Order Appointing Commissioners" (the latter being actually an adjudicatory order declaring the fractional interests of all the parties, and finding the land susceptible of equitable partition) declares that citation was issued and served any defendant.[4]

We therefore reverse the judgment below and remand the cause for proceedings not inconsistent with this opinion.

---

**4.** An appeal was taken to this court from the trial court's "Order Granting Partial Summary Judgment" but dismissed for want of jurisdiction with the consent of the appellants. Following remand of the cause to the trial court, the trial court called the case for trial on the issue of whether the land was susceptible of equitable partition. Concluding that it was, the trial court entered its "Order Appointing Commissioners" to that effect. Included in the order is a list of all the plaintiffs and defendants named in the plaintiffs' Second Amended Original Petition and the respective fractional shares set apart to them by the court. This list generally follows a similar listing of parties and fractional shares contained in the "Order Granting Partial Summary Judgment." There are differences, however. There are, for example, numerous spelling errors in one order or the other, for the names in one order are in some instances spelled differently in comparison to the other—such as "Donna Gail Powell" and "Donna Gail Power," "Kathy Jean Briscoe" and "Kathy Jean Briscow," and similar errors. Sally Partin was sued as a defendant but neither the "Order Granting Partial Summary Judgment" nor the "Order Appointing Commissioners" mentions her claim of ownership, although it was alleged in the plaintiffs' petition that she maintained such a claim. Most serious of the defects in the record, however, is the award of a 1/48th undivided interest to Pearl Ransbarger although she was not a party to the lawsuit so far as the pleadings indicate. This award is first made in the "Order Granting Partial Summary Judgment" and was carried forward to the "Order Appointing Commissioners." In addition, both such orders award six plaintiffs an ownership interest subject to the "life estate" of two other plaintiffs. It would appear to be the law that a plaintiff may not maintain a suit for partition unless he is entitled to possession. *See, First Nat. Bank in Dallas v. Tex. Fed. S. & L.,* 628 S.W.2d 497, 498 (Tex.App.1982, writ ref'd n.r.e.); *Douglas v. Butcher,* 272 S.W.2d 553, 554–555 (Tex.Civ. App.1954, writ ref'd n.r.e.). A remainder interest following a life estate would not appear to be a possessory interest but we leave that matter to the trial court on remand.