

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00266-CV

ANNE JOHNSON JAMES AND
LOIS JOHNSON WARREN,

                                            **Appellants**

 **v.**

JONATHAN THORNBERRY,

                                            **Appellee**

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 2130015

## MEMORANDUM OPINION

Anne Johnson James and Lois Johnson Warren appeal the trial court's Order Determining Partition in Kind in which the trial court granted Jonathan Thornberry's motion to partition 59.79 acres located in Walker County (the property), determined James and Warren each owned a 15% undivided interest in the property and Thornberry owned a 70% undivided interest, and appointed commissioners to partition the property and a surveyor to be used as the commissioners deemed necessary. Because a party with

an interest in the property was not joined in the suit to partition the property, we reverse the trial court's order and remand the case for further proceedings.

**BACKGROUND**

Thornberry sued James and Warren for a partition by sale of the property. Thornberry alleged that he obtained his interest in the property as a result of deeds executed by Charles L. Mack, Helen Louise Burns Singleton, and Marlon Diundre Reece Spriggs to him. Thornberry also alleged that James and Warren obtained their interest in the property through their father, Henry Johnson, and "Henry Johnson's siblings: Annie Johnson, Susie Johnson, and Mary Johnson." However, according to Thornberry's brief, when preparing his petition, Thornberry forgot that Charles Mack reserved a 50% mineral interest, and thus, he did not name Charles Mack as a defendant in the partition suit.

**INTERESTED PARTY**

In James's and Warren's third issue, they complain about Thornberry's failure to include "purported heirs" in the partition suit.

The purpose of partition is to segregate ownership and to allow to each owner the free use, control, and possession of the interest set apart to that owner to the exclusion of all other former joint owners. *Chaffin v. Hall*, 210 S.W.2d 191, 193-94 (Tex. Civ. App.—Eastland 1948, writ ref'd n.r.e.) (op. on reh'g). A partition suit must seek a division of the whole of a common property. *Gilbreath v. Douglas*, 388 S.W.2d 279, 281 (Tex. Civ. App.—Amarillo 1965, writ ref'd n.r.e.).

The general rule is that, before property can be partitioned, all of the joint owners must be made parties so that the trial court may determine the interest each party has and make a proper distribution of the property. *See Holloway v. McIlhenny Co.*, 14 S.W. 240, 240 (Tex. 1890); *Ward v. Hinkle*, 8 S.W.2d 641, 645 (Tex. 1928) (no valid partition in absence of heirs to land); *Long v. Miken Oil, Inc.*, No. 12-14-00250-CV, 2016 Tex. App. LEXIS 2715, at *4 (Tex. App.—Tyler Mar. 16, 2016, no pet.) (mem. op.). Implicit in this rule is that the owners who must be joined are the owners of the property sought to be partitioned. *See* TEX. R. CIV. P. 756(a); *Tex. Oil & Gas Corp. v. Ostrom*, 638 S.W.2d 231, 233 (Tex. App.—Tyler 1982, writ ref'd n.r.e.); *Gilbreath*, 388 S.W.2d at 281.

Rule 39 requires the presence of all persons who have an interest in the litigation so that any relief awarded will effectively and completely adjudicate the dispute. TEX. R. CIV. P. 39(a); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162 (Tex. 2004); *Long*, 2016 Tex. App. LEXIS 2715, at *4. Thus, it is absolutely necessary to have all owners of real property before the court when the property is partitioned. *Carper v. Halamicek*, 610 S.W.2d 556, 558 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.). If any owner is not joined in the case, the trial court's judgment will be reversed, even if no objection was made, because the judgment is not only unenforceable against that owner, it is unenforceable as to all other owners as well. *Partin v. Holden*, 663 S.W.2d 883, 885 (Tex. App.—Austin 1983, no writ); *Long*, 2016 Tex. App. LEXIS 2715, at *5.

Thornberry agrees that Mack, as an owner of a mineral interest, was required to be joined as a defendant in the partition case but was not. Accordingly, James's and

Warren's third issue is sustained only to the extent it contends Mack is a necessary party that was not included in the partition suit.[1]

CONCLUSION

The trial court's Order Determining Partition in Kind is reversed, and this case is remanded for a new trial so that Charles Mack may be joined and other questions presented to this Court may be considered and disposed by the trial court. *See Smith v. Peeler*, 29 S.W.2d 975, 977 (Tex. 1930) (quoting *King v. Commissioners' Court of Throckmorton Cty.*, 30 S.W. 257, 258 (Tex. Civ. App.—Ft. Worth 1895, no writ)) ("We believe, however, it is the practice, even of appellate courts, to take notice of the absence of indispensable parties, and to remand the cause, in order that they may be joined.").

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Reversed and remanded
Opinion delivered and filed July 25, 2024
[CV06]



---

[1] Even though Thornberry concedes Mack was required to be joined as a defendant and thus, the partition judgment must be reversed and the proceeding remanded to the trial court, there are many other issues that James and Warren have raised in the appeal in their briefs, at oral argument, and in requested post-submission briefing. The Court has determined that without all the necessary parties present, it would be inappropriate to discuss any of those issues because they could not be fully resolved by this Court's judgment.