

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00142-CV
_____

CASTELL PROPERTIES, LLC, APPELLANT

V.

148 S. CASTELL, LLC, N. CASTELL, LLC, AND FFH REAL ESTATE, LLC, APPELLEES

On Appeal from the 22nd District Court
Comal County, Texas
Trial Court No. C2022-2171A, Honorable James Morgan, Presiding

August 15, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Texas law relies on the principle that partitions in-kind cannot occur unless there is a common ownership or claim in the property. TEX. PROP. CODE ANN. § 23.001; *Henderson v. Chesley*, 273 S.W. 299, 304 (Tex. Civ. App.—1925) *aff'd per curiam*, 116 Tex. 355, 292 S.W. 156 (1927). The present appeal arises from the trial court's attempt to partition two tracts of land despite disparate ownership and possession rights in the property. For the following reasons, we sustain Appellant, Castell Properties, LLC's, first issue, reverse the trial court's order, and remand the case for further proceedings.

## Background

Long-time friends Ron Snider and Frank Hampel purchased two investment properties in New Braunfels, Texas, which were leased to operate restaurants. The first, known as the "Myron's Property," was acquired by Ron; in 2001 it was conveyed 50% to Ron and 50% to the Hampel Family Limited Partnership (HFLP), an entity controlled by Frank. Because Ron was married to Carol Snider, his interest in Myron's constituted community property. HFLP subsequently conveyed its interest in the property to Appellant, Castell Properties, LLC. Upon Ron's death in April 2021, his ownership interest in Myron's was first transferred into a family trust,[1] and eventually conveyed to N. Castell, LLC.

In 2004, Ron and HFLP jointly purchased the "Krause's Property." Again, Ron's interest in Krause's was community property with his spouse, Carol. HFLP apparently transferred its interest in Krause's to Castell Properties, LLC. Upon Ron's death, his interest in Krause's was transferred to the family trust, and then conveyed to FFH Real Estate, LLC.

Following Ron's death, disputes arose over property management, rent adjustments, and other payments. In an amended pleading filed in December 2023, Appellees, as plaintiffs, requested the partition of the Myron's and Krause's properties, proposing that Myron's be allocated to the Appellant and Krause's to the Appellees, with

---

[1] Chris Snyder, Ron's son, testified that half of Ron's interest was transferred to Carol and the other half went into the Ronald B. Snider Family Trust.

any excess value in the Krause property adjusted to Appellant via an award of owelty. Appellees also sought declaratory and temporary and permanent injunctive relief.

The application for partition was tried to the bench. In an order signed February 22, 2024, the trial court made findings of fact and conclusions of law,[2] including in relevant part:

- the Myron's Property was owned jointly by N. Castell, LLC and Castell Properties, LLC;

- the Krause's Property was owned jointly by FFH Real Estate, LLC and Castell Properties, LLC;

- FFH Real Estate, LLC and N. Castell, LLC were owned and controlled by the same persons or entities; and

- "[t]he whole of the above-described property is susceptible to fair and equitable partition in kind between the parties so as to reflect their respective interests subject to owelty to be assessed to equitably account for any difference in value between the partitioned properties."

The trial court ordered the Krause's Property and Myron's Property to be "partitioned," with Castell Properties' interest in the Krause's Property "being allotted" to FFH, and N. Castell's interest in the Myron's Property "be[ing] allotted" to Castell Properties. The court also appointed three commissioners, instructed them to determine the values of the two properties, and to ascertain whether any amount should be paid or charged for owelty. This appeal followed.[3]

---

[2] *See Bruce v. Bruce,* No. 03-16-00581-CV, 2017 Tex. App. LEXIS 4834, at *5 (Tex. App.—Austin May 26, 2017, no pet.) (mem. op.) ("When, as in this case, the trial court includes findings in its judgment but does not issue any separate findings of fact and conclusions of law, the findings in the judgment have probative value on appeal.").

[3] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**Analysis**

In Texas, a joint owner of land generally has the right to possess the entirety of the property unless there is an agreement to the contrary or evidence of hostile possession against other co-owners. *Roberts v. Roberts*, 136 Tex. 255, 256, 150 S.W.2d 236, 237 (1941); *Hall v. Tex. State Bank*, 298 S.W.2d 188, 190 (Tex. App.—Austin 1957, writ ref'd n.r.e.). For example, if Abe, Barbara, and Carl become 40%, 50%, and 10% owners of Blackacre, respectively, each may possess and use 100% of the land without paying rent. *See Roberts*, 136 Tex. at 256; *Neil v. Shackelford*, 45 Tex. 119, 132 (1876); *Schluter v. Sell*, 194 S.W.2d 125, 132 (Tex. App.—Austin 1946, no writ).

Under Texas law, "[a] joint owner or claimant of real property or an interest in real property . . . may compel a partition of the interest or the property among the joint owners or claimants . . . ." TEX. PROP. CODE. ANN. § 23.001. Partition in-kind divides jointly-owned property into individually-owned interests;[4] it does not alter ownership title, but merely determines which portions of the property each co-owner can possess. *Chace v. Gregg*, 88 Tex. 552, 558, 32 S.W. 520, 522 (1895) ("A partition between joint owners . . . leave[s] the title as it was before, except to locate such rights as the parties may have, respectively, in the distinct parts of the premises, and to extinguish such rights in all other portions of that property."); *Lane v. Hughes*, 228 S.W.2d 986, 988–89 (Tex. App.—Amarillo 1950, no writ) (holding that partition "creates no new title but merely severs the previous unity of possession and dissolves the only unity existing between the joint

---

[4] *Partition,* BLACK'S LAW DICTIONARY (12th ed. 2024). *See also Hudgins v. Sansom*, 72 Tex. 229, 231–32, 10 S.W. 104, 105 (1888) (defining "partition" as "the act or proceeding through which two or more co-owners cause the thing to be partitioned to be divided into as many shares as there are owners, and which vests in each of such persons a specific part, with the right to possess it freed from a like right in other persons who, before partition, had an equal right to possess.").

4

owners or tenants in common."). Thus, a proper partition-in kind would not affect Barbara's 50% title ownership in property but would designate the specific portion of Blackacre she is entitled to possess. *See id.*

Because this appeal follows submission of evidence to the bench, we review the trial court's findings of fact for legal and factual sufficiency under the same standards used to review a jury verdict. *Tex. Outfitters Ltd. v. Nicholson,* 572 S.W.3d 647, 653 (Tex. 2019); *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.,* 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Bruce,* 2017 Tex. App. LEXIS 4834, at *6. If there is a complete reporter's record, findings of fact are not conclusive and are binding only if supported by the evidence. *HTS Servs,* 190 S.W.3d at 111.

Appellant contends the Krause's Property and Myron's Property could not be partitioned as a combined whole due to a lack of common ownership. We agree for two reasons. First, the trial court's order expressly finds diverse ownership: the Myron's Property is owned jointly by N. Castell, LLC and Castell Properties, LLC, while the Krause's Property is owned jointly by FFH Real Estate, LLC and Castell Properties, LLC. As a matter of law, these disparate ownership interests prevent partitioning the properties as a combined whole. *See* TEX. PROP. CODE. ANN. § 23.001. Rather than using partition to determine possession rights of existing owners, the trial court's order divests Appellant of its ownership interests in the Krause's Property (awarding 100% to FFH), and divests N. Castell, LLC of its ownership interests in the Myron's Property (awarding 100% to Castell Properties). This contravenes longstanding partition law and is in error. *Id.*; *Chace,* 88 Tex. at 558; *Lane,* 228 S.W.2d at 988–89.

Second, because Ron's acquisitions occurred during his marriage, the conclusive evidence shows that Ron's spouse, Carol Snider, acquired half of his interest (initially as community property), which became her separate property at Ron's death. Carol was omitted as a party to the partition suit. An "attempted partition of the whole of a tract of land, where all the owners are not joined as parties, is not binding even on those who are parties." *Mustang Drilling v. Cobb,* 815 S.W.2d 774, 777 (Tex. App.—Texarkana 1991, writ denied) (citations omitted). *See also Partin v. Holden,* 663 S.W.2d 883, 885 (Tex. App.—Austin 1983, no writ) ("It is well settled that all the owners of undivided ownership interests in land should be made parties to a suit for its partition, either as plaintiffs or defendants, for unless all are joined in the suit, a decree of partition is not sustainable even as to those who *are* parties." (emphasis in original)).

Appellees argue that the ownership interests in the two properties were conclusively established because Appellant judicially admitted, "Both of the parties own an undivided one-half interest in the real estate in dispute." However, there are at least three parties with affected ownership interests; Appellant's answer does not specify who "both" refers to, nor is the identity clear from the context.[5] Additionally, Appellant's general denial further complicates the claimed admission. *See Major v. Loy,* 155 S.W.2d 617, 619 (Tex. Civ. App.—Eastland 1941, no writ); 58 TEX JUR.3D: PLEADING § 23 ("where the defendant has answered by general denial, followed by one or more special pleas containing some admission, the plaintiff is not absolved from proving the plaintiff's case,

---

[5] *See Green v. Flournoy*, No. 03-10-00299-CV, 2011 Tex. App. LEXIS 6116, at *12 (Tex. App.—Austin Aug. 5, 2011, no pet.) (A judicial admission must be "a clear, deliberate, and unequivocal statement . . . [that] occurs when an assertion of fact is conclusively established in live pleadings.") (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 905 (Tex. 2000)).

the admission being regarded as contingent on that proof."). Finally, Carol Snider, a non-party, is not bound by the alleged admissions made by others during litigation. *See Rogers v. Coslett,* 646 S.W.3d 1, 11 n.11 (Tex. App.—Texarkana 2022, no pet.) ("The facts alleged or admitted in the live pleadings of a party are accepted as true by the court and jury and are binding on the *pleader.*" (emphasis added)). The Third Court of Appeals emphasized this point at least forty years ago: "Where it appears on appeal that not all owners were before the trial court, the judgment of partition will be reversed although no objection was made below in that regard, for it is impossible to make a binding decree of partition in the absence of one or more owners of undivided interests." *Partin,* 663 S.W.2d at 885.

We conclude that the identity of all joint owners of the two properties was not supported by legally sufficient evidence. Appellant's first issue is sustained. Review of the remaining issues is unnecessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the trial court's order of February 22, 2024, and remand the case for further proceedings. *See* TEX. R. APP. P. 43.2(d); 43.3(a).


Lawrence M. Doss
Justice

7