Tommie PAUL, Appellant,

v.

Carolyn PAUL, et al., Appellees.

No. 10–93–162–CV.

Court of Appeals of Texas,
Waco.

Feb. 16, 1994.

.W.V. Dunnam, Jr., Dunnam & Dunnam,
Waco, for appellant.

Ron Butler, Marlin, for appellees.

Before THOMAS, C.J., and CUMMINGS
and VANCE, JJ.

**ORDER**

PER CURIAM.

Herman Paul, who established the Paul
Funeral Home in 1932, died in 1956. One of
Herman Paul's eleven children, Eddie Paul,
operated the funeral home from 1954 until
his death in 1987. In 1989 Tommie Paul, the
widow of Eddie Paul, filed this suit seeking
partition of the funeral home business and a
.327–acre tract of real estate improved with
funeral home facilities and a house. Prior to
trial the parties stipulated that the eleven
children (or their heirs) each owned a $\frac{1}{11}$th
undivided interest in the funeral home busi-
ness.[1] The parties also stipulated that the
real estate was owned by Herman Paul's six
children by his first marriage (with Tommie
Paul taking Eddie Paul's $\frac{1}{6}$th interest) and
the husband of one of those children.[2] After
reviewing the entire appellate record, this
court determines that the dispute in this case
is appropriate for resolution by an alterna-
tive dispute resolution procedure.[3]

The parties are hereby notified that the
pending dispute is appropriate for referral.[4]
Any party may, within ten days after receiv-
ing the notice of this determination, file a
written objection to the referral.[5] Unless a
written objection is timely filed and this
court finds that there is a reasonable basis
for such an objection, the cause will be re-
ferred for resolution by an alternative dis-
pute resolution procedure under section 154.-

1. One of the parties, Gloria Sparks, did not par-
ticipate either in person or by her attorney in the
trial of the case. We note that John Hand, who
filed the original partition suit on behalf of Tom-
mie Paul, later purported to represent Gloria
Sparks by filing an answer. However, the rec-
ord does not indicate that he appeared at trial on
her behalf. The final judgment omits her stipu-
lated $\frac{1}{11}$th interest in the funeral home and or-
ders the proceeds from the sale of the business to
be divided among the ten remaining parties. *See
Carper v. Halamicek,* 610 S.W.2d 556, 559 (Tex.
Civ.App.–Tyler 1980, writ ref'd n.r.e.); *see also*
TEX. DISCIPLINARY R. OF PROF. CONDUCT 1.06 (1993).

2. Although the final judgment seeks to partition
R.J. Mathis' $\frac{1}{6}$th interest in the real estate, the
record does not reflect that he was ever served or
otherwise made a party to the suit. An attempt-
ed partition of the whole tract of land, where all
owners are not joined as parties, is not binding
even on those who are parties. *See Ward v.
Hinkle,* 117 Tex. 566, 8 S.W.2d 641, 645 (1928).

3. *See* TEX.CIV.PRAC. & REM.CODE ANN. 154.021(a)
(Vernon Supp.1994).

4. *See id.* § 154.022(a).

5. *See id.* § 154.022(b).

021 of the Texas Civil Practice and Remedies Code.[6]

The parties may file, within the time for filing objections to the referral, a written proposal suggesting the most appropriate alternative dispute resolution procedure.[7] If no such proposal is timely filed by any party, this court shall refer the case to mediation under section 154.023,[8] and appoint an impartial third party to mediate the dispute.[9] The court may appoint a third party who is agreed on by the parties if the person qualifies for appointment under section 154.052.[10] Again, the parties should notify the court of such an agreement within the time for filing objections to the referral. Unless the parties agree to a method of payment, a reasonable fee for the services of an impartial third party appointed by the court shall be taxed as costs.[11]

Accordingly, the appeal is abated prior to submission.

**6.** *See id.* § 154.021(a).

**7.** *See id.* § 154.021(b).

**8.** *See id.* § 154.023.

**9.** *See id.* § 154.051.

**10.** *See id.* §§ 154.051(b), 154.052.

**11.** *See id.* § 154.054.