**In re Keith M. JENSEN, Relator.**

**No. 10–98–086–CV.**

Court of Appeals of Texas,
Waco.

April 9, 1998.

Andy McSwain, Fulbright, Winniford, Bice & Marable, P.C., Waco, Nicholas A. Foley, Law Offices of Nicholas A. Foley, Lancaster, John E. Neill, Coontz & Neill, Burleson, for Realtor.

Bill D. Hullum, Fort Worth, for Real Party in Interest Amber C. Seay.

Kenneth W. Boyd, Cleburne, Ad Litem for Real Party in Interest Olivia Lane Jensen-Seay (a Minor).

Judge Tommy Altaras, Cleburne, for Respondent.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## ORDER

PER CURIAM.

Relator Keith Jensen has filed a second mandamus action.[1] The underlying case began in Johnson County when Amber Seay, the Real Party in Interest, filed a divorce action and a Suit Affecting the Parent–Child Relationship concerning a minor child.[2] Throughout the proceedings, allegations of misconduct of varying degrees have been made by both sides. To complicate matters, suit is also pending in a Tarrant County district court, and Jensen has twice moved to recuse the trial judge in Johnson County. Jensen's petition for mandamus states that he seeks the assistance of this court to "untangle this procedural train wreck."

The legislature has provided for the resolution of disputes through alternative dispute resolution procedures. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 154.001–.073 (Vernon 1997). The policy behind ADR is stated in the statute:

§ 154.002. **Policy**

It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, including the mediation of issues involving conservatorship, possession, and support of children, and the early settlement of pend-

---

1. We denied relief in the first mandamus on March 26, 1998. *In re Keith M. Jensen,* 10–98–066–CV (Tex.App.—Waco March 26, 1998).

2. The child appears to be represented by an attorney ad litem in the Johnson County proceeding.

ing litigation through voluntary settlement procedures.

*Id.* § 154.002.

We believe that referral of this matter is appropriate for resolution by ADR.[3] *See id* § 154.021(a); *Paul v. Paul,* 870 S.W.2d 349 (Tex.App.—Waco 1994) (order for ADR). We will stay all proceedings below during the ADR proceedings and order the parties to cease all activity in connection with the respective suits they have filed. *See* TEX. R.APP. P. 52.10.

The parties are notified that the dispute is appropriate for referral. TEX. CIV. PRAC. & REM.CODE ANN. § 154.022. Any party may, within 10 days after receiving this notice, file a written objection to the referral. *Id.* Unless a written objection is timely filed and this court finds that there is a reasonable basis for such objection, the cause will be referred for resolution by an alternative dispute resolution procedure. *Id.* § 154.021.

The parties may, within the time for filing objections to the referral, file a written proposal suggesting the most appropriate alternative dispute resolution procedure. *Id.* If no such proposal is timely filed by any party, we will refer the case to mediation under section 154.023 and appoint W.T. McDonald, Jr. of Brazos County, an impartial third party, to mediate the dispute. *Id.* §§ 154.023, 154.051. The court may appoint a third party who is agreed on by the parties if the person qualifies for appointment under section 154.052. *Id.* § 154.052. Again, the parties should notify the court of such an agreement within the time for filing objections to the referral. Unless the parties agree to a method of payment, a reasonable fee for the services of the mediator appointed by the court shall be taxed as costs. *Id.* § 154.054.

Accordingly, effective immediately, we stay all proceedings between the parties and order the parties to desist from filing any new lawsuit or pleadings in any existing suit, requesting hearings, participating in hearings, and taking any action whatsoever in connection with any suit in which Keith M. Jensen and Amber Seay are parties. Fur-

ther proceedings are stayed in this court, and this original proceeding will be abated in the forthcoming order for alternative dispute resolution, pending the outcome of those proceedings.

After the ADR proceedings are completed and a report is filed in this court, we will entertain a motion to dismiss the mandamus. TEX.R.APP. P. 52. If the ADR proceedings do not successfully resolve all of the remaining issues, we will further consider the petition for mandamus. *Id.*

---

**3.** In addition to furthering the policy, referral may alleviate the inordinate amount of the State's judicial resources that are being consumed by this matter.