### NEWCOMB et ux. v. BLANKENSHIP et al.

### No. 6658.

Court of Civil Appeals of Texas. Texarkana.

March 5, 1953.

Rehearing Denied April 9, 1953.

Gossett & Gossett, Longview, for appellants.

Pollard, Reeves & Boulter and Lawrence & Lawrence, Tyler, Richardson, Cochran, Dudley, Fowler & Rucks and Edward M. Box, Oklahoma City, Okl., for appellees.

HALL, Chief Justice.

M. E. Trapp instituted this suit in the District Court of Gregg County against Daisy D. Blankenship and other legal representatives of the estate of G. T. Blankenship for partition of three leasehold estates and a mineral estate located in Gregg County, Texas. Two of the tracts of land are contiguous and each contains three producing oil wells, and the other is a small tract of land containing only one oil well, and the oil interest was a part of the minerals in and under the tract containing one oil well. Trial was to the court without a jury and resulted in a judgment for appellees, partitioning in kind the two tracts containing three oil wells each, and the mineral estate in the smaller tract. The leasehold interest in the smaller tract was found to be incapable of partition in kind and was ordered sold, and a receiver was appointed to make the sale.

Appellants' first point is that the trial court erred "in approving and confirming the appointment of a trust company of a foreign state and vesting title to real estate situated in Texas in the trust company before the same has qualified under Texas laws to so act." The property sought to be partitioned was owned by M. E. Trapp and G. T. Blankenship in equal parts. Before trial in the court below, M. E. Trapp died and his widow, Mrs. M. E. Trapp, was substituted for him. Blankenship died before this suit was instituted and his will was duly probated in Oklahoma. The Liberty Plan Company, a business trust, was appointed trustee under the terms of Blankenship's will to handle his portion of the property located in both Oklahoma and Texas, for the benefit of his heirs. Mrs. Daisy Blankenship, G. T. Blankenship's widow, was also appointed executrix of the estate of her deceased husband. The oil properties in controversy in Texas are known as the Milas lease, the Moseley lease, the Fenn lease, and an undivided one-half of the minerals under Fenn lease. The trial court appointed commissioners to partition the estate between the Trapp claimants and the Blankenship claimants. The partitioners found that the Milas leasehold and the Moseley leasehold each contained three producing oil wells, that they were adjoining and were subject to partition in kind, also the mineral interest in the Fenn property; while the Fenn leasehold containing only one oil well was not capable of partition in kind and was ordered sold and the proceeds divided among those entitled to receive same.

The Liberty Plan Company was sued as a trustee of the Blankenship part of the estate by M. E. Trapp in the district court of Gregg County, Texas, and in such circumstances had a legal right to defend the suit against it even though it did not have a permit to do business in this state. Jopling v. Caldwell-Degenhardt, Tex.Civ.App., 292 S.W. 958 (reversed on other grounds, Benton Land Co. v. Jopling, Tex.Com.App., 300 S.W. 28); Jordan v. Grandfield Bridge Co., Tex.Civ.App., 290 S.W. 866; Atcheson v. Modern Woodmen of America, Tex. Civ.App., 262 S.W. 876; Elliott Addressing Machine Company v. Campbell, Tex.Civ. App., 159 S.W.2d 967. The partition suit brought by Trapp and after his death prosecuted to a conclusion by his widow, Mrs. Trapp, in no wise affected the title to the property involved. The effect of the partition suit was to dissolve the tenancy in common between Trapp and Blankenship and locate and segregate the parts of the premises belonging to each. In this class of suits the title is left unaffected. Chace v. Gregg, 88 Tex. 552, 32 S.W. 520; Walling v. Harendt, Tex.Civ.App., 37 S.W.2d 280 (writ refused); Bankston v. Bankston, Tex.Civ.App., 206 S.W.2d 839 (writ refused). We can see no error, then, in the action of the trial court in recognizing the

appointment of the Liberty Plan Company trustee of the Texas property for the reason, as said above, it was already trustee of said property by appointment of a court of competent jurisdiction in a sister state, at the special instance and request of the Newcombs (appellants here), of the very property here in controversy, in addition to other property owned by the Blankenship estate in Oklahoma. This being true, the appellants cannot now complain of the action of the district court of Gregg County in recognizing the appointment of the Liberty Plan Company trustee of the Texas property. Furthermore, there is nothing in this record indicating that the Liberty Plan Company was required to obtain a permit to do business in this state under the circumstances here. This point is overruled.

 The second point advanced by the appellants is that the court erred in proceeding with the partition of the Trapp-Blankenship interests without all joint owners being made parties to the suit. In our opinion, all joint owners of this property that were necessary for the partition were made parties to this suit. The parties who had purchased overriding interests in the oil and gas production payable out of the production of oil with no right of occupancy or development of the leasehold estates were not necessary parties to the partition suit. Only those joint owners of interests in the three leasehold estates, with right of occupancy and development, were necessary parties. No attempt was made in the trial court to affect in anywise the interests of any of the assignees to their fractional interests in the oil runs from the property. It is a settled rule of law in this state that all joint owners of property are indispensable parties in a suit to partition same. But said joint owners must each also be entitled to possess the land. The overriding mineral interests held by the persons who were not made parties to this suit had no such right of possession of the leasehold estates. They had no right to produce oil or gas from the land under their assigned fractional interests in production. Their interest is more in the nature of an overriding royalty in the production from the leasehold estates. If the leasehold estates did not produce, they received nothing and they had no right to go on the leased premises without the consent of the original lessor and lessee of said premises to make them produce oil or gas. Under the assignments held by the parties not joined herein is this significant statement: "Now, therefore, said Oils Incorporated, hereinafter called the assignor, in consideration of the sum of $———, to-wit, paid by ——— does hereby bargain, sell, transfer, assign and convey to the assignee an undivided ——— interest in and to seven-eighths ($7/8$) of the entire production in or under said lease. To have and to hold said interest unto said assignee, his or her executors, administrators, heirs and assigns, subject, however, to the agreement and powers hereinafter recited, which are agreed to by said assignee by acceptance of this assignment * * *." The assignments provide also that the assignee or its assigns and successors of the $7/8$ leasehold shall have the development and operations of said premises so leased; that the assignor shall have the right to contract for the sale of and to sell all the oil and gas produced on the interest assigned, from the property above described, and said assignor is given the right to execute on behalf of and as agent for the assignee named herein division orders and such other instruments and contracts as may become necessary for the sale and marketing of oil and gas. From the above assignment it clearly appears that the non-joined assignees own nothing more than the right to collect from the $7/8$ oil and gas production from the leasehold estate the amount of oil or gas equal to the fractional interest purchased by each of them. Said assignments clearly take away from the assignees any right to develop the leases or to operate them and gives to the assignor, original lessee of the leaseholds, the right to make contracts for the assignees in making division orders and contracts and other instruments necessary for the sale and marketing of the oil and gas. In other words, after the assignees, not joined, had purchased their interests from the $7/8$ leasehold estate they were to receive payments for their proportion of the oil and gas pro-

duced and sold from the land. In such circumstances we do not think the non-joined assignees herein were necessary parties to the suit for partition between Trapp and the Blankenship estate, and the trial court did not err in refusing to have them named as parties to said suit. Belgam Oil Co., Inc. v. Wirt Franklin Petroleum Corp., Tex.Civ.App., 209 S.W.2d 376; Lane v. Hughes, Tex.Civ.App., 228 S.W.2d 986; Texas Law Review, Vol. 27, No. 3, pp. 394, 395 and 396. This point is overruled.

We have examined all other points brought forward by the appellants very carefully and in the light of the record before us we feel that they do not present error and are respectfully overruled.

Judgment of the trial court is affirmed.