L. A. DOUGLAS et al., Appellants,

v.

L. R. BUTCHER et al., Appellees.

No. 12730.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 22, 1954.

Rehearing Denied Oct. 27, 1954.

seq., and the suit was dismissed when the plaintiffs refused to join some 2300 persons who were royalty owners in the McAllen Fieldwide Unit, which unit embraced an undivided one-half of the oil, gas and other minerals in thirty-four acres of undeveloped land sought to be partitioned by that suit.

L. A. Douglas and George R. Brown, plaintiffs below, each own one-fourth of the oil, gas and other minerals under the thirty-four acres of land described in their petition for partition. They have executed no oil and gas lease and have not unitized their minerals. They sued L. R. Butcher and wife, Helen J. Butcher, who own the other one-half of the oil, gas and other minerals subject to an oil and gas lease in favor of defendant Phillips Petroleum Company and other named defendants. The oil and gas lease executed by Mr. and Mrs. Butcher authorized the lessees to pool and unitize their minerals. The lessees in accord with that authority unitized over 6,000 acres of land in what is known as the McAllen Fieldwide Unit.

The defendants, Mr. and Mrs. Butcher, filed a plea of non-joinder of necessary parties and urged that all lessors and royalty owners in the McAllen Fieldwide Unit are necessary parties in a suit to partition the thirty-four acre tract. The trial court sustained the plea and dismissed the suit upon plaintiffs' refusal to join more than 2,300 persons who were either lessors or royalty owners of fractional interests in the unit.

The basis for the trial court's judgment is that Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 476, holds that a unitization of property constitutes "all the lessors of land in the unitized block joint owners, or joint tenants, of all royalties reserved in each of the several leases in such block * * *." Veal v. Thomason was a trespass to try title suit, and the Supreme Court held that royalty owners in a unitized block were necessary parties. See also, Leach v. Brown, Tex.Civ.App., 251 S.W.2d 553.

Dodson, Duke & Branch, San Antonio, Strickland, Wilkins, Hall & Mills, Mission, for appellants.

Dan Moody, Dan Moody, Jr., Austin, Charles E. Thompson, Nelson Wimberly, McAllen, for appellees.

POPE, Justice.

This suit arose under the partition statutes, Vernon's Ann.Civ.St. Article 6082 et

In a partition suit royalty owners are not necessary parties, for reasons also

found in Veal v. Thomason. The opinion adopts and quotes from the Court of Civil Appeals' opinion, 144 S.W.2d 361:

> " 'It has many times been held by the courts of this State that those who are necessary parties to a suit are such persons as have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein. Such persons are not only proper parties but are necessary and indispensable parties, plaintiff or defendant. Cook v. Pollard, 70 Tex. 723, 8 S.W. 512; Fischer v. Rio Tire Co., Tex.Com.App., 65 S.W.2d 751, 757.' " Walsh v. Walsh, Tex.Civ. App., 255 S.W.2d 240; Simmons v. Wilson, Tex.Civ.App., 216 S.W.2d 847.

 . For the non-joined lessors and royalty owners to be necessary parties they must have an interest which "will necessarily be affected by any judgment that may be rendered therein." The interest owned by each lessor or royalty owner, whatever else may be said of its nature, is to receive royalty in the proportion that the acreage owned by each bears to the entire acreage in the unitized block. The undivided one-half minerals in the thirty-four acres owned by the plaintiffs were never leased nor placed in the unit. Their interest has never constituted any part of the mathematical ratio, and the interest of the non-joined royalty owners will be neither increased nor diminished by a partition. Their interest will remain constant and unaffected. Hence, under the rule of necessary parties as stated in Veal v. Thomason, the royalty owners are not necessary parties.

 Moreover, partition operates upon possessory rights. Lane v. Hughes, Tex.

Civ.App., 228 S.W.2d 986; Henderson v. Chesley, Tex.Civ.App., 273 S.W. 299. The royalty interest of the non-joined persons is a non-possessory interest. Moore v. City of Beaumont, Tex.Civ.App., 195 S.W. 2d 968, 980, affirmed 146 Tex. 46, 202 S.W.2d 448; Shell Petroleum Corporation v. Railroad Commission of Texas, Tex.Civ. App., 137 S.W.2d 797, 798; 31-A Tex.Jur., Oil and Gas, § 118. In the Shell Petroleum Corporation case it was said:

> "The only interest of the royalty owners is to receive when produced their share of the oil or its proceeds. The lessee is invested with the exclusive right of possession and development. In the drilling and spacing of wells the lessee represents the royalty owners in so far as they may have any interest therein. They were so represented in the making of the applications for the permits and in all proceedings thereunder before the Commission; to which proceedings they were not made parties and in which they did not participate other than by such representation. We hold that the trial court properly overruled the plea in abatement."

 It follows, therefore, that the owner of a non-possessory interest can neither compel nor defeat a partition. Chaffin v. Hall, Tex.Civ.App., 210 S.W.2d 191. In other words, a non-possessory interest is not affected by a partition and the owner of such interest is not a necessary party. Newcomb v. Blankenship, Tex.Civ.App., 256 S.W.2d 700.

The royalty owners were not necessary parties, and the judgment of dismissal of the trial court is accordingly reversed and the cause is remanded for trial.