**TEXAS OIL & GAS CORPORATION,**
Appellant,

v.

**L. E. OSTROM, Appellee.**

No. 1556.

Court of Appeals of Texas,
Tyler.

Aug. 12, 1982.

Rehearing Denied Sept. 9, 1982.

Richard L. Merrill, Houston, for appellant.

John D. Sloan, Jr., Wilder, Dean & Sloan, Henderson, for appellee.

McKAY, Justice.

Appellee L.E. Ostrom (Ostrom) sued appellant Texas Oil & Gas Corp. (TXO) for a partition of the mineral leasehold estate in 258.34 acres of land in Rusk County. Ostrom alleged that he owned an undivided working interest in the mineral rights in, upon, and under 139.63 acres of this tract, and that TXO owned the same type of interest in the remaining 118.71 acres. Ostrom pleaded that he and TXO were the sole owners of the possessory rights in the minerals in this tract, and prayed that the court appoint Commissioners to make a partition in kind of the mineral leasehold estate.

TXO filed a plea in abatement alleging that the owners of the mineral and royalty interests in the tract were necessary and indispensable parties. TXO alleged that they claim interests which relate to the subject of the action, and are so situated that disposition of the action in their absence would, as a practical matter, impair or impede their ability to protect their interests, and would leave either Ostrom, TXO, or both subject to a substantial risk of incurring double, multiple, or other inconsistent obligations. TXO stated that it was feasible to join the mineral and royalty interest owners, and prayed for the suit to be abated until these owners were joined. TXO also filed a general denial. Subsequently, on October 27, 1981, TXO filed a motion to implead these same owners on the ground that they were proper parties to the action.

The trial court overruled TXO's plea in abatement and motion to implead.

Following a trial to the court, the court ordered (1) that Commissioners be appointed to partition the mineral leasehold estate; (2) that no portion of the estate was more valuable or more favorable from the standpoint of production of oil and gas; and (3) that the land be partitioned with the leasehold estate under 53.971% of the surface acreage awarded to Ostrom, and the leasehold estate under 46.029% of the surface acreage awarded to TXO. This judgment is final for purposes of appeal. *Redden v. Hickey,* 308 S.W.2d 225, 229 (Tex. Civ. App. —Waco 1958, writ ref'd n.r.e.).

The trial court filed the following findings of fact: (1) Ostrom and TXO are the sole and only owners of the oil, gas, and mineral leasehold estate in the land involved; (2) Ostrom and TXO own 53.971% and 46.029% of the oil, gas, and mineral leasehold estate, respectively, under the land involved; (3) no portion of the land involved is more valuable than any other portion for purposes of oil and gas production, and each acre contains an equal amount of oil and gas; and (4) the mineral leasehold is subject to partition in kind. The trial court filed one conclusion of law, to-wit: the oil, gas, and mineral leasehold estate in the land is susceptible to a fair and equitable partition in kind.

Appellant's first point of error is that the trial court erred in overruling appellant's plea in abatement because the mineral owners and lessors of the oil, gas, and mineral leases were not joined and were "necessary" parties. Appellant's position is that a partition of the leasehold estate involving

only the oil, gas, and mineral leasehold estate owners will impair the lessor's ability to protect his royalty interest and will leave either or both of the leasehold estate owners subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations under the oil and gas leases. We overrule appellant's first point of error.

Ostrom owns six oil, gas, and mineral leases in this tract and TXO owns five oil, gas, and mineral leases. Some of the lessors own undivided interests in the entire tract of land; others own undivided interests in segregated portions of the land.

Rule 39(a) of the Tex. R. Civ. P.[1] states:

Persons to be Joined if Feasible. A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

■ Rule 39(a) no longer speaks of "necessary" and "indispensable" parties, and Texas courts have begun to discard these terms. *Carper v. Halamicek,* 610 S.W.2d 556, 557 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.). Moreover, Rule 39 focuses not so much upon whether the court has jurisdiction, but upon whether the court ought to proceed with the parties before it. *Cooper v. Texas Gulf Indus., Inc.,* 513 S.W.2d 200, 204 (Tex. 1974). The *Cooper* decision

did not rule out the possibility that a party's absence would deprive the court of jurisdiction to adjudicate the dispute between the parties before it; however, it did state that this situation would be "rare indeed." *Id.* One commentator has noted that under Rule 39 any change should be to lessen the number of "indispensable" parties. Moreover, "if a party were held not indispensable under the prior rule, he should not be held indispensable under the amended rule [Rule 39]." 1 McDonald, Texas Civil Practice § 3.23 (1981).

Article 6082, Tex. Rev. Civ. Stat. Ann. (Vernon 1970) provides:

Any joint owner or claimant of any real estate or of any interest therein or of any mineral, coal, petroleum, or gas lands, whether held in fee or by lease or otherwise, may compel a partition thereof between the other joint owners or claimants thereof in the manner provided in this chapter.

"Article 6082 confers upon any joint owner or claimant of land the absolute right to demand segregation of his interest from that of his co-owner." *Moseley v. Hearrell,* 141 Tex. 280, 171 S.W.2d 337, 338 (1943).

■ The general rule in a partition case is that all owners of property must be joined. *Ward v. Hinkle,* 117 Tex. 566, 8 S.W.2d 641, 645 (1928); *Carper v. Halamicek, supra; Clegg v. Clark,* 405 S.W.2d 697, 698 (Tex. Civ. App.—Waco 1966, writ ref'd). Implicit in this rule is that the owners who must be joined are the owners of the property sought to be partitioned.[2] The property sought to be partitioned in the case at bar is the leasehold estate in the oil, gas and other minerals. Thus, we must decide who are the owners of the leasehold estate in the oil, gas, and other minerals, and hence, who must be joined.

In *Texas Co. v. Cain,* 177 S.W.2d 251, 253 (Tex. Civ. App.—Texarkana 1944, writ ref'd w.o.m.), a case concerning an oil and gas

---

**1.** All references herein to rules are to Tex. R. Civ. P.

**2.** Rule 756(a) and art. 6083, Tex. Rev. Civ. Stat. Ann. (Vernon 1970) provide, *inter alia,* that in a

partition action the plaintiff's petition shall state the "names and residence, if known, of each of the other joint owners, or joint claimants, of such property."

leasehold estate partition, the court, quoting from *Henderson v. Chesley,* 273 S.W. 299, 304 (Tex. Civ. App.—1925) *aff'd per curiam,* 116 Tex. 355, 292 S.W. 156 (1927) said:

It is clear to our minds that the Legislature intended to use *"joint owner"* in its broadest sense. In that sense he is not necessarily one owning the fee simple, or one having in the property the highest estate it will admit of, but *is one who owns any interest in real estate entitling him to joint possession and use.* (Emphasis added.)

The lessor of a mineral estate retains a nonpossessory reversionary interest in the minerals, which is a possibility of reverter. 42 Tex. Jur. 2d *Oil and Gas* §§ 176, 177 (1963). The execution of an oil and gas lease simultaneously divests the grantor (lessor) of the right to possess, use, or dispose of the oil and gas in, upon or under the land in question, and invests these rights in the grantee (lessee) of the lease. *Stephens County v. Mid-Kansas Oil and Gas Co.,* 113 Tex. 160, 254 S.W. 290 (1923); 42 Tex. Jur. 2d *Oil and Gas* § 176 (1963). Thus, "[i]n Texas, a lessee has a corporeal interest in land and may compel partition, but the owners of nonpossessory interests may neither demand nor defeat a partition." Williams, Howard R., "The Effect of Concurrent Interests on Oil and Gas Transactions," 34 Tex. L. Rev. 519, 542 (1956); *see Chaffin v. Hall,* 210 S.W.2d 191, 193 (Tex. Civ. App.—Eastland 1948, writ ref'd n.r.e.). Lessors of a mineral estate and royalty interest owners, therefore, are not "joint owners" of the mineral leasehold estate for the purposes of art. 6082, the partition statute. *Belgam Oil Co. v. Wirt Franklin Petroleum Corp.,* 209 S.W.2d 376, 380 (Tex. Civ. App.—Galveston 1948, no writ); *Williams, supra.*

In *Douglas v. Butcher,* 272 S.W.2d 553 (Tex. Civ. App.—San Antonio 1954, writ ref'd n.r.e.) two plaintiffs each owned one fourth of the oil, gas, and other minerals under a 34 acre tract. Plaintiffs had not leased or unitized their interests. Defendants owned the other one half of the oil,

gas, and other minerals, and had leased their mineral interest. Defendants' leased mineral interest had subsequently been unitized with the McAllen Fieldwide Unit. Plaintiffs sued defendants for partition of the mineral estate. Defendants argued that all lessors and royalty owners in the McAllen Fieldwide Unit were necessary parties to the suit to partition the 34 acre tract. The trial court dismissed the suit when plaintiffs refused to join the lessors and royalty owners.

On appeal, defendants insisted that *Veal v. Thomason,* 138 Tex. 341, 159 S.W.2d 472 (1942) mandated a conclusion that royalty owners are necessary parties when partitioning the mineral estate, even though their interest is a nonpossessory one. In *Veal v. Thomason,* the supreme court held that in a trespass to try title suit royalty owners in a unitized block were necessary parties because they "have or claim a direct interest in the object and subject matter of the suit and [their] interests will necessarily be affected by any judgment that may be rendered therein." *Id.* at 477.

Justice Pope, writing for a unanimous court of civil appeals in *Douglas,* reversed the trial court. He reasoned that since a partition suit operates only upon possessory rights, a nonpossessory interest is unaffected by a partition. Thus, the owner of a nonpossessory interest is not a necessary party to a partition suit. *Id.* at 555.

The *Douglas* opinion concluded that the rule of *Veal v. Thomason* was inapplicable to a partition of the mineral leasehold estate because the nonjoined royalty owner's interest would be neither increased nor decreased by a partition, but would remain constant and unaffected; thus, "a nonpossessory interest is not affected by a partition and the owner of such interest is not a necessary party." *Douglas v. Butcher, supra* at 555.

Appellant cites *Texas Co. v. Cain, supra* for the proposition that the lessors and royalty interest owners are necessary parties; however, we believe the language relied upon is dicta. Furthermore, the court cited no authority for its statement, and the case

was decided long before current Rule 39 was effective. *Lichtenstein v. Lichtenstein Building Corp.,* 442 S.W.2d 765, 768 (Tex. Civ. App.—Corpus Christi 1969, no writ) is likewise not persuasive. The court in *Lichtenstein* was confronted with the partition of a department store which was under lease, not the partition of a mineral leasehold estate. We also note that the court relied upon out of state authority.

■ Appellant also relies upon statements of the Eastland Court of Civil Appeals in *Chaffin v. Hall,* 210 S.W.2d 191 (Tex. Civ. App.—Eastland 1948, writ ref'd n.r.e.) (on motion for rehearing). We are not unmindful of the potential difficulties pointed out by the *Chaffin* court,[3] and echo their statement that it would be wise to join the lessors and royalty interest owners. *Id.* at 193. However, we do not conclude that the absence of the lessors and royalty interest holders deprived the trial court of jurisdiction to adjudicate the dispute between the parties before it.

■ Appellant's second point of error is that the trial court erred in overruling its motion to implead the mineral owners and lessors because they were proper parties. We overrule this point of error.

At the court's docket setting on October 15, 1980, this case was set for trial during the week of November 10, 1980. On October 27, 1980, approximately fourteen days before the case was set for trial, appellant filed its motion to implead. The trial court overruled appellant's motion on November 3, 1980.

Rule 37 states:

Before a case is called for trial, additional parties, necessary or proper parties to the suit, may be brought in, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but not at a time nor in a manner to unreasonably delay the trial of the case.

3. The court stated:

"It is not difficult to envision the confusion that easily could result from partitioning the lease, but allowing appellant to retain a "spread" over the entire section. The purpose of partition is to segregate ownership

The trial court is vested with broad discretion concerning questions of joinder. *Williamson v. Tucker,* 615 S.W.2d 881, 886 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.). Thus, we will reverse only with a clear showing that it has abused its discretion.

In *Bray v. Miller,* 397 S.W.2d 103, 107 (Tex. Civ. App.—Dallas 1965, no writ), the court found no error in the trial court's refusal to permit a party to be impleaded seven days before the trial. The court noted that the motion to implead was made at a time and in a manner which would have unreasonably delayed the trial of the case since the party sought to be impleaded would have twenty days following the date of service to answer.

In the case at bar, although we might have ruled differently than the court below, we believe that the *Bray* case is sufficient authority to conclude that the trial court did not abuse its discretion overruling appellant's motion.

In light of our disposition of appellant's first two points of error, it is unnecessary to reach its remaining point.

The judgment of the trial court is affirmed.

and to allow to each owner the free use, control and possession of the interest set apart to him to the exclusion of all other former joint owners." *Chaffin v. Hall, supra* at 193–94.